**Electronically Filed
Intermediate Court of Appeals
29827
29-DEC-2011
08:51 AM**

NO. 29827

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


In the Matter of the Arbitration between
ASSOCIATION OF APARTMENT OWNERS OF INTERNATIONAL COLONY CLUB,
Petitioner-Appellee,
v.
DAN DEIGERT and EDITH DEIGERT, Individually and as Trustee of the
Edith M. Deigert Revocable Living Trust dated April 22, 2006,
Respondents-Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SP. NO. 09-1-0011(3))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Fujise, JJ.)


Respondents-Appellants Dan Deigert (Dan) and Edith Deigert (Edith), Individually and as Trustee of the Edith M. Deigert Revocable Living Trust dated April 22, 2006 (collectively, the Respondents), appeal from: (1) the "Order Granting Petitioner Association of Apartment Owners of International Colony Club's Motion for an Order Confirming Final Arbitration Award and for Judgment filed February 3, 2009 [Opposition filed February 23, 2009]" (Order Confirming Arbitration Award); and (2) the "Judgment in Favor of Petitioner Association of Apartment Owners of International Colony Club"

(Judgment), both of which were filed by the Circuit Court of the Second Circuit (Second Circuit Court)[1] on April 14, 2009.

On appeal, Respondents argue that the Second Circuit Court erred in confirming the arbitration award and entering the Judgment against Respondents because: (1) the arbitrator refused to consider evidence material to the controversy; (2) the arbitrator exceeded her authority in (a) providing for affirmative relief against the Edith M. Deigert Revocable Living Trust (Edith's Trust) in the arbitration award and (b) finding that Dan and Edith (the Deigerts) failed to obtain prior approval for the improvements to their unit from 75 percent of the owners of the International Colony Club; and (3) the arbitrator's resolution of the dispute by summary disposition was improper in that it deprived the Deigerts of the opportunity for an arbitration hearing.  For the reasons set forth below, we affirm the Second Circuit Court's Order Confirming Arbitration Award and its Judgment.

I.

A.

Petitioner-Appellee Association of Apartment Owners of International Colony Club (AOAO) is a condominium association that operates the International Colony Club (ICC), a condominium property regime located at Hanaka'ō'ō, Maui.  In May 2004, the Deigerts purchased cottage unit #34 (Unit #34) in the ICC. Later that year, the Deigerts began renovating the exterior of Unit #34.

Under the Deigerts' Warranty Deed, the Deigerts' ownership of Unit #34 was subject to conditions set forth in the ICC's governing documents, and as a unit owner, the Deigerts were required to comply with the AOAO's rules, including rules concerning exterior improvements.  The 2003 version of the

---

[1] The Honorable Joseph E. Cardoza presided.

AOAO's Modification and Structural Rules provided in relevant part:

> 2.      Before any construction or major landscape changes begin on the owner's application [for exterior or major landscaping changes], the Site Manager must have approval from a majority of the Board of Directors in writing, along with the written approval of all adjoining owners and those owners whose view or similar are affected or impaired by such modification.

After the Deigerts began construction of the renovations to their unit, a dispute arose concerning whether the Deigerts had obtained the necessary approvals for the renovations.

### B.

By letter dated February 15, 2006, the AOAO served the Deigerts with a demand for arbitration regarding their dispute.[2] According to the AOAO, in August 2006, the Deigerts conveyed their interest in Unit #34 to Edith Deigert, as tenant in severalty, and in September 2006, Edith Deigert conveyed her interest in Unit #34 to Edith Deigert, as trustee of Edith's Trust. By letter dated February 20, 2007, the Deigerts, through their counsel, expressed their agreement to submit their dispute with the AOAO to arbitration and to utilize the Honorable Marie Milks (Ret.) as the arbitrator (Arbitrator). The Deigerts' counsel's letter identified the issues for arbitration as (1) whether the additions and alterations constructed at the Deigerts' unit were without the approval of the AOAO's Board of Directors and/or owners of adjacent units; (2) whether the additions and alterations should be removed and the unit restored to its original condition; (3) whether the Deigerts are responsible for expenses, including reasonable attorney's fees and costs; (4) whether the fines and other expenses sought by the AOAO were invalid and unenforceable; (5) whether the Deigerts are

---

[2] The demand for arbitration was made pursuant to Hawaii Revised Statutes (HRS) § 514A-121 (Supp. 2005) (repealed effective July 1, 2006, by 2004 Haw. Sess. Laws Act 164 (as amended by 2005 Haw. Sess. Laws Act 93), but re-enacted effective July 1, 2006, by 2007 Haw. Sess. Laws Act 244).

entitled to damages suffered as a result of the actions of the AOAO and others relating to the additions and alterations; and (6) whether the Deigerts are entitled to their expenses including reasonable attorney's fees and costs.

On June 4, 2007, the Deigerts signed an Agreement to Participate in Binding Arbitration (Arbitration Agreement), which provided that the Arbitrator would preside over the arbitration. The Arbitration Agreement also provided, in relevant part, that "the Arbitrator must determine all issues submitted to arbitration by the parties and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law."

On September 3, 2008, the AOAO submitted a motion for summary disposition on the issue of whether the Deigerts had obtained the necessary prior approvals before commencing their construction work. After a hearing on the motion, the Arbitrator issued an order granting the AOAO's motion for summary disposition (Summary Determination), which provided in relevant part as follows:

> 1.  The By-Laws, House Rules, and rules governing this condominium regime that were in existence when the Deigerts acquired their ownership interest in Unit #34 by Warranty Deed, recorded on May 14, 2004, [3/] are valid and enforceable.
>
> 2.  Both Dan and Edith Deigert, individually and as Trustee of the Edith M. Deigert Revocable Living Trust dated April 22, 2006, were obligated to follow these rules.
>
> 3.  Based on these pre-existing rules, the Deigerts were required to obtain prior approval from: a) the AOAO Board of Directors and all adjoining unit owners (Units #29, #33, and #35) before commencing any construction work on the exterior of Unit 34; or b) approval from the AOAO Board of Directors and 75% of all unit owners before commencing construction of any material changes to the exterior of Unit 34.
>
> 4.  The required full authority and approval from the Board, adjoining unit owners and/or 75% of all unit owners was not demonstrated by the Deigerts for the disputed existing work and for additional proposed exterior construction work on Unit # 34.

---

3/ The record indicates that the Warranty Deed was signed by the parties on May 14, 2004, but was recorded on June 18, 2004.

> 5.    Because the Deigerts constructed the exterior alterations and additions to Unit # 34 without the requisite prior approval, Dan and Edith Deigert and all persons or entities acting under their control, including Edith Deigert as trustee of her trust, must immediately restore the property to its original condition.

The Arbitrator subsequently issued a final award in favor of the AOAO (Arbitration Award).  The Arbitration Award incorporated six prior orders the Arbitrator had issued in resolving the matters submitted for arbitration, including the Summary Determination and orders awarding fines, attorney's fees, and costs against the Deigerts.

C.

The Deigerts filed a motion to vacate the Arbitration Award in the Circuit Court of the First Circuit, which was denied.[4/]  In the meantime, the AOAO filed a motion to confirm the Arbitration Award and for judgment in the Second Circuit Court.  The Second Circuit Court entered its Order Confirming Arbitration Award and its Judgment, and this appealed followed.

II.

Our review of an order confirming an arbitration award is subject to the following principles:

> "We review the circuit court's ruling on an arbitration award *de novo*, but we also are mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential."  Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (internal quotation marks, citations, and brackets omitted).

> > Judicial review of an arbitration award is limited by the following precepts:

> > > First, because of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators have broad discretion in resolving the dispute.  Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts.  In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.

---

[4/] The Honorable Eden E. Hifo presided.

5

> Second, correlatively, judicial review of an arbitration award is confined to the strictest possible limits. An arbitration award may be vacated only on the four grounds specified in [Hawaii Revised Statutes (HRS)] § 658-9 and modified and corrected only on the three grounds specified in HRS § 658-10. Moreover, the courts have no business weighing the merits of the award.
>
> Third, HRS §§ 658-9 and -10 also restrict the authority of appellate courts to review judgments entered by circuit courts confirming or vacating the arbitration awards.

Schmidt v. Pac. Benefit Servs., Inc., 113 Hawaiʻi 161, 165-66, 150 P.3d 810, 814-15 (2006) (citations omitted).

> Although formulated under the prior arbitration statute, this standard of review is equally applicable to arbitrations conducted under HRS Chapter 658A. Under HRS Chapter 658A, an arbitration award can be vacated only on the six grounds specified in HRS § 658A-23(a) and modified and corrected only on the three grounds specified in HRS § 658A-24. The supreme court has made it clear that the courts have no business weighing the merits of an arbitration award. See also, e.g., United Public Workers, AFSCME, Local 646 v. Dawson Int'l, Inc., 113 Hawaiʻi 127, 137-38, 149 P.3d 495, 505-06 (2006).

Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 121 Hawaiʻi 110, 112-13, 214 P.3d 1100, 1102-03 (App. 2009), aff'd, 123 Hawaiʻi 476, 236 P.3d 456 (2010).

Among the six grounds specified in Hawaii Revised Statutes (HRS) § 658A-23 (Supp. 2010) for vacating an arbitration award are the following:

> (3) An arbitrator . . . refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 658A-15, so as to prejudice substantially the rights of a party to the arbitration proceeding; [and]
>
> (4) An arbitrator exceeded the arbitrator's powers[.]

A party appealing from an order confirming an arbitration award may argue grounds the party asserted in a timely motion to vacate the award. See Schmidt v. Pac. Benefit Servs., Inc., 113 Hawaiʻi 161, 168, 150 P.3d 810, 817 (2006).

III.

We resolve the arguments Respondents raise on appeal as follows:

A.

Respondents argue that the Second Circuit Court erred in confirming the arbitration award because the Arbitrator refused to consider evidence material to the controversy. We disagree. The record does not support Respondents' claim that the Arbitrator refused to consider material evidence. Instead, the record reflects that the Arbitrator considered the evidence presented by the Deigerts but determined that it was not persuasive.

Respondents contend that the Arbitrator refused to consider the 2003 version of the AOAO's rules that was applicable to the Deigerts' exterior renovation of their unit. This claim is without merit. In her Summary Determination, the Arbitrator determined that "[t]he By-Laws, House Rules, and rules governing this condominium regime that were in existence when the Deigerts acquired their ownership interest in Unit #34 by Warranty Deed, recorded on May 14, 2004, are valid and enforceable." The 2003 version of the AOAO's rules regarding the requirements for exterior renovations to units was in existence and effect when the Deigerts acquired Unit #34. Thus, the Arbitrator implicitly found that the 2003 version of the AOAO's rules for exterior renovations applied to the Deigerts' renovation of their unit. Respondents do not provide any effective argument to support their claim that the Arbitrator refused to consider the 2003 version of the AOAO's rules applicable to their exterior renovations.

The principal issue in the arbitration was whether the Deigerts had the requisite prior approvals under the AOAO's rules for renovating their unit. In essence, Respondents contend that the Arbitrator must have refused to consider material evidence because she ruled in favor of the AOAO on the merits. However, in reviewing an order confirming an arbitration award, we do not

7

reevaluate the merits of the arbitrator's decision.  See Kona
Village Realty, 121 Hawai'i at 113, 214 P.3d at 1103.
Respondents' disagreement with the Arbitrator's decision does not
show that she refused to consider material evidence.

B.

We reject Respondents' claim that the Arbitrator
exceeded her authority in providing for affirmative relief
against Edith's Trust in the Arbitration Award.  When the dispute
over the renovations began and when the AOAO served their demand
for arbitration, Unit #34 was owned by the Deigerts.  However, by
the time that the Deigerts signed the Arbitration Agreement,
title to Unit #34 had been transferred to Edith's Trust.[5/]  In
agreeing to arbitration, the Deigerts acknowledged that one of
the issues submitted to the Arbitrator would be whether the
additions and alterations to Unit #34 should be removed and the
unit restored to its original condition.

"Arbitrators . . . normally have broad discretion to
fashion appropriate remedies."  Hokama v. University of Hawai'i,
92 Hawai'i 268, 273, 990 P.2d 1150, 1155 (1999).  Moreover, the
Arbitration Agreement that the Deigerts signed specifically
provided that "the Arbitrator . . . may grant any and all
remedies that the Arbitrator determines to be just and
appropriate under the law."  The Arbitrator's Summary
Determination, which was incorporated into the Arbitration Award,
ruled that because the Deigerts had constructed alterations and
additions "to Unit # 34 without the requisite prior approval, Dan
and Edith Deigert and all persons or entities acting under their
control, including Edith Deigert as trustee of her trust, must
immediately restore the property to its original condition."

Respondents do not dispute that Edith had full control
and authority over her revocable living trust.  Edith was clearly
a party to the arbitration.  She was required to comply with the

_____

[5/] The AOAO erroneously asserts in its brief that Unit #34 was
transferred to Edith's Trust "during the course of the arbitration."

Arbitrator's orders and had agreed to submit to arbitration the question of whether the additions and alterations to Unit #34 should be removed and the unit restored to its original condition. Given the Arbitrator's broad discretion to fashion an appropriate remedy, we conclude that, under the circumstances of this case, the Arbitrator did not exceed her authority in providing for affirmative relief against Edith's Trust in the Arbitration Award.

Respondents argue that the Arbitrator exceeded her authority by finding that the Deigerts failed to obtain prior approval for the improvements to their unit from 75 percent of the owners of the ICC. However, Respondents do not explain how such a factual finding, even if erroneous, demonstrates that the Arbitrator exceeded her authority. See Schmidt, 113 Hawai'i at 165, 150 P.3d at 814 (concluding that where parties agree to arbitrate, "they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact"). Accordingly, Respondents are not entitled to relief based on their claim regarding the Arbitrator's factual finding.

C.

Respondents' contention that the Arbitrator's resolution of the dispute by summary disposition was improper is without merit. HRS § 658A-15 (Supp. 2010) authorizes an arbitrator to conduct the arbitration "in such manner as the arbitrator considers appropriate for a fair and expeditious disposition of the proceeding." HRS § 658A-15(b)(2) further provides that "[a]n arbitrator may decide a request for summary disposition of a claim or particular issue: . . . (2) Upon request of one party to the arbitration proceeding if that party gives notice to all other parties to the proceeding, and the other parties have a reasonable opportunity to respond." Respondents do not demonstrate that the Arbitrator failed to comply with HRS § 658A-15(b)(2) in rendering her Summary Determination.

IV.

We affirm the Second Circuit Court's Order Confirming Arbitration Award and its Judgment that were both entered on April 14, 2009.

DATED:  Honolulu, Hawai'i, December 29, 2011.

On the briefs:

Charles H. Brower
for Respondents-Appellants

John P. Manaut
Lindsay N. McAneeley
(Carlsmith Ball LLP)
for Petitioner-Appellee
(on Appellee's Affirmative Claims)
and
Jonathan L. Ortiz
Jacqueline E. Thurston
(Ortiz & Katano)
for Petitioner-Appellee
(on Appellee's Defense Claims)

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Alexa D.M. Fujise*
Associate Judge